## MULLIGAN *vs.* BAILEY.

1. The depositions of a witness cannot be impeached by proof of contradictory statements, which the witness had had no opportunity to explain; neither can they be impeached by statements of the witness that they did not speak the truth.

2. Possession of personal property cannot be recovered in an action of trover, through a fraudulent title.

3. An unsuccessful attempt to commit a fraud by A. on B., does not justify B. in practicing a fraud upon A.

4. If a charge be inapplicable to the facts, it is no ground of error which will justify a new trial, even if the court mistake the law; especially where the charge is in favor of the plaintiff in error. The offence of fraud consists in the deception which is practiced; and this may be done just as effectually when speaking the truth literally, as by uttering a falsehood.

Trover, in Randolph Superior Court. Tried before Judge ALLEN, at November Term, 1858. Rule nisi, for a new trial, heard at May Term, 1859.

This was an action of trover brought by John B. Mulligan, plaintiff in error, against John Bailey, defendant, for a negro man named Dave, alleged to be the property of plaintiff.

Upon the trial, plaintiff introduced in evidence a bill of sale from defendant to plaintiff for the negro, dated 6th April, 1853, whereby, for and in consideration of one thousand dollars, defendant sold said negro and warranted the title. It further appeared, on the part of plaintiff, that he had sold a mare to defendant for some six or seven hundred dollars, for which he held his note; that when he bought said negro from defendant he gave up said note and gave his note to defendant for the balance, being the difference between the price of the negro and mare. That at the time of the purchase the negro was in pos-

session of one Tucker, to whom Bailey had hired him, and where he continued after the sale by arrangement with Mulligan, until he should be called for. Baily afterwards took possession of the negro and refused to deliver him, and hence the action.

The defence relied upon was, that the trade for the mare and negro was one transaction, and at one and the same time, and that plaintiff practiced a fraud in selling or letting him have a mare, which he represented as "Fanny Clay," a distinguished racer, when in fact he sold to him another mare, known as "Sally Hatch," and of little value in comparison with "Fanny Clay."

The case was submitted to the jury upon the testimony, and charge of the court, who returned a verdict for the defendant, whereupon plaintiff took a rule for a new trial upon the following grounds:

1. Because the verdict was contrary to law and the charge of the court.

2. Because the verdict was contrary to evidence and against the weight of evidence.

3. Because the court erred in admitting the depositions of the witnesses Newberry and Bridwell.

4. Because the court erred in not permitting William Harrison to answer plaintiff's question, "whether or not in a conversation with Benj. F. Newberry he, Newberry, had not stated that his depositions did not speak the truth, and if he did not say that the commissioners had failed to take down his testimony as delivered."

5. Because the court erred in refusing to allow plaintiff to prove, by William Harrison, the statements made to him by Benj. F. Newberry, contradictory of his depositions.

6. Because the court erred in not permitting plaintiff to prove that Newberry stated to witness that his answers did not speak the truth.

7. Because the court erred in charging the jury, that if

they believed that plaintiff perpetrated a fraud upon defendant, even though defendant was attempting to perpetrate a fraud upon plaintiff, then the law would leave them where it found them, and they should find for defendant. And further, that if the defendant was induced by the representations of the plaintiff to believe that he was trading for "Fanny Clay," even though plaintiff may have called her "Sally Hatch," he perpetrated a fraud, and they should find for the defendant.

After argument, the court below refused to make the rule absolute, and plaintiff excepted and assigns said refusal as error.

HOOD, PERKINS & ROBINSON, for plaintiff in error.

DOUGLASS & DOUGLASS, and BEALL, contra.

By the Court.—LUMPKIN, J., delivering the opinion.

It is assigned as error in this case that the court admitted the testimony of Matlick, Newberry and Bridwell, as to the contract respecting the mare, Sally Hatch. The objection assumes that the trades of the mare and of the negro were distinct transactions; hence that this evidence was irrelevant. There is proof, however, that they were one and the same transaction; and one of the objects for which this proof was offered was to show that fact. Of course then it was right to refer the testimony to the jury.

And concede the trades were at different times, and the jury should believe, as they had a right to do, that they were only different acts, in the same drama, the negro trade being but the consummation of the original scheme, in that view of it the evidence was clearly admissible.

Another error complained of is, the rejection of the testimony of William Harrison, who was offered to prove certain statements made to him by the witness Benj. F.

Newberry, calculated to discredit the depositions of New-berry. This was not the proper way to expose the *mala fides* in the execution of the interrogatories. Why was not Newberry himself re-examined ?

As to the charges of the court, we see no evidence in the record that Bailey was attempting to practice a fraud upon Mulligan. If this were so, there was no misdirection in the charge. It was calculated to prejudice the defend-ant and not the plaintiff. And as to the second charge, it is sound law. A fraud may be as effectually perpetrated by telling the truth as a falsehood ; by calling things by their right names as by their wrong names. And the very case put in the charge illustrates the fact.

It is insisted that, in as much as the negro was deliver-ed, the contract was complete as to him ; and that Mulli-gan is entitled to recover possession of him in this action of trover.

Concede that the negro was delivered—though actually he never was—instead of going to Mulligan's when he left Tucker's, where he was hired at the time of the trade, he returned to Bailey ; Mulligan, to recover possession of the boy, would have to rely upon his title from Bailey ; and if that was void, on account of the fraud with which it was tainted, he must fail necessarily to make out his right of possession.

Whether the verdict is contrary to the testimony it is difficult to say. We are not prepared to say, in the lan-guage of the motion for a new trial, that it is so strongly and decidedly against the weight of evidence as to shock the moral sense. Whether the contract for the mare and for Dave was one and the same contract, there is a conflict in the testimony. Whether Mulligan sold Bailey one mare and by artifice, falsely imposed another upon him, the witnesses are not agreed.

This is a transaction which addresses itself peculiarly to the experience of the jury. . They knew both the par-

ties and the witnesses, and could best judge between them. They have found for the defendant, and the court has refused to set aside their verdict.    It can hardly be expected that we should award a new trial.    Solomon said there were four things which he knew not—to which he might have added a fifth: the tricks of a quarter racer.    My experience and observations are, that no *horse jockey* is to be trusted in a trade.

It would seem that Bailey having repudiated the contract as fraudulent, ought to return the mare and the money paid him by Mulligan.    But we give no judgment upon this point.

Judgment affirmed.